## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Petro Siruk, | Case No. 20-cv-2667 (SRN/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, City of Minneapolis, Hennepin County, Francis Magill, Emily Branzovsky, Sheriff, and Richard W. Stanek, | |
| Defendants. | |

This matter is before the Court on Plaintiff Petro Siruk's ("Plaintiff") pro se Complaint and his application to proceed *in forma pauperis* ("IFP Application") without paying a filing fee. (Dkts. 1, 2.)[1] Plaintiff has also filed a Motion to Remove Certain

---

[1] This case is the eighth of nine filed by Petro Siruk and/or Petro & Marina Siruk from mid-April 2019 to present. Magistrate Judge Tony N. Leung recently issued a Report & Recommendation wherein he numbered the nine cases for ease of reference. *See Siruk et al. v. State of Minnesota et al.*, 20-cv-2385 (NEB/TNL) (D. Minn. Jan. 14, 2021) *report and recommendation* [hereinafter *Siruk VI R&R*]. The undersigned will adopt the same numbering system, which is as follows: *Siruk v. Assurance Partners LLC et al.*, No. 19-cv-1021 (NEB/SER) (voluntarily dismissed July 24, 2019) (Petro) [hereinafter *Siruk I*]; *Siruk et al v. Cofman et al.*, 20-cv-1639 (NEB/DTS), *report and recommendation adopted*, 2020 WL 6434789, at *1 (D. Minn. Nov. 2, 2020) [hereinafter *Siruk II*] (dismissed for failure to state a claim and lack of jurisdiction); *Siruk v. Misheloff et al.*, No. 20-cv-2269 (PJS/HB) (Petro) [hereinafter *Siruk III*]; *Siruk v. Kendall*, No. 20-cv-2270 (JRT/ECW) (Petro) [hereinafter *Siruk IV*]; *Siruk et al. v. State of Minnesota (City of Elk River) et al.*, No. 20-cv-2373 (WMW/KMM) (Petro & Marina) [hereinafter *Siruk V*]; *Siruk VI*, No. 20-cv-2385 (NEB/TNL) (Petro & Marina); *Siruk v. Healthy Beverage Company*, No. 20-cv-2431 (ECT/DTS) (Petro) [hereinafter *Siruk VII*]; *Siruk v. State of Minnesota et al.*, No. 20-cv-2667 (SRN/ECW) (Petro) [hereinafter *Siruk VIII*]

Defendants and certain exhibits. (Dkts. 3, 4.) The matter concerns Plaintiff's dissatisfaction with the outcome of civil proceedings in state court. The matter is now before the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

After review of the IFP application, this Court concludes that Plaintiff qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (*per curiam*) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still

---

(the instant case); *Siruk v. Mazur et al.*, No. 21-cv-0054 (JRT/HB) (Petro) [hereinafter *Siruk IX*].

must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's initial Complaint is threadbare, and simply alleges that beginning in February 2018 he suffered a trespass by persons acting under color of law that caused him harm to his property, life, health, and character. (Dkt. 1 at 1.) The single-page Complaint contains no allegations as to the underlying facts; however, Plaintiff's latest motion and exhibits provide context.[2] It appears that in February of 2018 Plaintiff was detained in Hennepin County jail for contempt of court because he in some way failed to comply with court orders in civil proceedings regarding the repossession of a dump truck that he had leased. (*See e.g.* Dkt. 4-2 at 20, 23-27; Dkt. 4-3 at 20-23.) The remaining named defendants in this case are Judge Francis Magill, Court Reporter Emily Branzovsky, John Doe Sheriff, and Chief Deputy Richard Stanek. It appears from Plaintiff's recently submitted narrative and exhibits that he intends to pursue this case against these parties in relation to their interactions with him in Minnesota state court

---

[2] Plaintiff filed a Motion to Remove the State of Minnesota, City of Minneapolis, and Hennepin County (Dkt. 3) and certain Exhibits (Dkt. 4) on January 25, 2021. Although he did not lodge a formal request to amend the complaint by way of these filings, he does have an opportunity to file an amendment as a matter of course under Rule 15 of the Federal Rules of Civil Procedure. In the interest of giving his case the fullest consideration, this Court considered the content of these January 25 filings as if they were amendments to the complaint. This seemed particularly appropriate given that the Motion contained a statement of "facts" which provided detailed factual allegations about a date listed in the original one-page complaint. *See Lindsey v. Moser*, No. 15-cv-2091 (SRN/SER), 2016 WL 11491387 (D. Minn. 2016) (reviewing all documents filed by a pro se litigant that could be construed as amendments to the complaint to give the pro se litigant a true liberal construction of his allegations). Having considered the Motion to Remove, the Court will recommend that it be granted, and that the State of Minnesota, the City of Minneapolis, and Hennepin County be removed from this case.

proceedings. For reasons explained below, such litigation is not proper and this Court will recommend dismissal for failure to state a viable claim.

Based on the records, Plaintiff was not satisfied with decisions made in connection with state court proceedings regarding a dump truck lease or he was unsatisfied with the outcome of associated contempt proceedings (or possibly both). It is not clear if the contempt issue remained purely civil or if there was a criminal component to Plaintiff's state court proceedings. Whether his state court proceedings were purely civil, or were also criminal, these sorts of claims cannot proceed in federal court. First, as to the outcome of the civil proceedings regarding a dump truck lease, a state court loser cannot come to federal court to seek review of an injury caused by a state court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Ballinger v. Culotta*, 322 F.3d 546, 549 (8th Cir. 2003) (case dismissed for lack of jurisdiction under *Rooker-Feldman* where plaintiff sought to sue state actors regarding the outcome of child custody proceedings). To the extent that Plaintiff implies in his Complaint that he suffered a loss related to the civil proceedings relating to the dump truck lease in state court, that issue would not be reviewable by this Court. Second, as to the outcome of any accompanying criminal proceedings (if there were any), Plaintiff cannot seek any monetary recourse under § 1983 without first establishing that those matters have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff said nothing

about a criminal case being invalidated in any official way, so he cannot seek any recourse in federal court. Even the clearest of Plaintiff's allegations do not state claims that can proceed in federal court, so this Court finds it appropriate to recommend dismissal of this case.

This Court also thinks it important to briefly note that to the extent Plaintiff seeks recourse other than to invalidate the outcome of his civil proceedings from state court, he likely cannot do so. Plaintiff appears dissatisfied with the conduct of a state court judge, a sheriff, a chief deputy, and a court reporter for their respective roles in the administration of the civil proceedings he was a party to in February of 2018. He alleges that he wishes to bring claims for these individuals "under color of law." (Dkt. 1 at 1). There are not freestanding constitutional claims for civil harms, so this Court will assume that Plaintiff wishes to bring any such claim via 42 U.S.C. § 1983—the typical vehicle for claims about actions taken under color of state law. *See e.g. Steadman v. Roy*, 14-cv-3442 (MJD/JSM), 2015 WL 1954402 *1, *5-6 (D. Minn. 2015) (noting that a plaintiff has no cause of action directly under the United States Constitution and thus he or she must use § 1983). To the extent that Plaintiff intends to bring a § 1983 claim against the defendants regarding anything other than the direct outcome of his state court proceedings, he also cannot do so because the defendants have only been named in their official capacity.

If a complaint fails to identify the capacity in which a plaintiff sues the individual defendants, as is the case with Plaintiff's present complaint, then this court infers that they are only sued in their official capacities. *See e.g. Johnson v. Outboard Marine*

*Corp.*, 172 F.3d 531, 535 (8th Cir. 1991); *Lindsey v. Moser*, 15-cv-2091 (SRN/SER), 2016 WL 11491387 (D. Minn. 2016).  A suit against a government official in his or her official capacity is another way of pleading an action against the entity of which an officer is an agent.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007).  A government official's susceptibility to suit depends on the type of government organization that employs them.

The Eleventh Amendment bars claims seeking damages from State officials sued in their official capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Such claims are barred because "a judgment against a public servant in his official capacity imposes liability on the entity that he represents."  *Id.*  Under the Eleventh Amendment, states are immune to suits brought in federal courts by her own citizens, unless the state has consented to suit.  *See e.g. Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62, 73 (2000); *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018).  The State of Minnesota has not consented to suit, so it is immune under the Eleventh Amendment.  It appears from the face of Plaintiff's complaint that Defendant Judge Magill is a state employee, and so is Defendant Branzovsky, the court reporter.  *See Tisdell v. Crow Wing County*, No. 13-cv-2531 (PJS/LIB), 2014 WL 1757929 *1, *7 (D. Minn. 2014) (employees of the Minnesota Judicial Brach are state officials for the purpose of official capacity claims).  Therefore, this Court must recommend dismissal of any official capacity claim against these two because the State of Minnesota is not subject to suit on their behalf.

Additionally, suits against county officials in their official capacity can be pursued only if "the action that is alleged to be unconstitutional implements or executes a policy

6

statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipalities] officers." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). If a plaintiff only makes allegations pertaining to the acts of individual employees without providing any inference of an official policy or pattern guiding those acts, then there is no basis to allow the suit to continue against the county employees in their official capacities. *See e.g. Maddox v. Sather*, 20-cv-0645 (SRN/HB), 2020 WL 6562470 *1 at *4 (D. Minn. 2020). Plaintiff makes no suggestion that there was an official policy or pattern of activity aside from the acts of the named defendants. Therefore, dismissal will be recommended as to his claims against the named defendants employed by Hennepin County.[3] Furthermore, to the extent it is possible that either of the other two defendants—the judge or the court reporter—are actually county or local employees rather than state employees, dismissal would also be recommended as to any potential claim against them because Plaintiff did not identify an official policy or pattern that drove their actions.

Finally, this Court also notes that the defendants have immunity from suit for actions taken within the scope of their job duties. First, as to the state court judge—Judge Francis Magill—a judge enjoys absolute judicial immunity from suit, including a suit brought under § 1983, unless the judge's actions fall outside of the judge's official

---

[3] It is also possible that the "John Doe" Sheriff is not a direct employee of Hennepin County. To the extent that he or she is an employee of a sheriff's department, courts in this District have concluded that a sheriff's department is not a separate suable entity from its city and or county, so dismissal would still be appropriate. *See Tisdell v. Crow Wing County*, No. 13-cv-2531 (PJS/LIB), 2014 WL 1757929 *1, * 3-4 (D. Minn. 2014).

7

judicial capacity, or the actions are taken in the complete absence of all jurisdiction. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1090-91 (8th Cir. 2018); *Mireles v. Waco*, 502 U.S. 9, 10-11 (1991) (reversing appellate court's holding that judge had no immunity for directing officers to drag a public defender into the courtroom via excessive force). Allegations of bad faith or malice are not enough to overcome judicial immunity. *Id.* at 1090. Here, Plaintiff's allegations likely would not overcome absolute judicial immunity because all of his allegations relate to Judge Magill's performance of his standard job duties of presiding over routine civil matters. Therefore, this Court could recommend dismissal of any claim against Judge Magill for his role as a judge presiding over Plaintiff's state court litigation.

Second, like a judge, a court reporter also has immunity. The Eighth Circuit has held that "qualified immunity protects court reporters who act pursuant to their lawful authority and follow in good faith the instructions or rules of the court." *Holt v. Dunn*, 741 F.2d 169, 170 (8th Cir. 1984). A court reporter is protected by qualified immunity even when a pro se litigant alleges that he or she failed to prepare an accurate or verbatim transcript of the record because such activity falls within the scope of his or her official duty. *Smith v. Tandy*, 897 F.2d 355, 356 (8th Cir. 1990) (granting summary judgment in favor of a court report on qualified immunity and against a prisoner who alleged that the court reporter omitted some of a trial judge's comments to the jury from a transcript). Plaintiff alleges that the court reporter, Emily Branzovsky, harmed him because she prepared a transcript that he believed to have omissions, but this claim cannot be

8

sustained in view of the relevant Eighth Circuit precedent. Defendant Branzovsky would be entitled to qualified immunity for her actions in transcribing the case.

Third, as to the John Doe Sheriff's Officer or the Chief Deputy Stanek, law enforcement officials can also enjoy immunity for actions taken at the direction of a judge. *See Martin v. Hendren*, 127 F.3d 720, 721-22 (1997). Plaintiff's allegations all appear to suggest that he is unhappy about actions that a state court judge directed law enforcement or a bailiff to take in relation to contempt proceedings. Under *Martin*, these defendants would have immunity for said actions.

In sum, this Court will recommend dismissal of this entire action for failure to state a claim under § 1915(e) because claims attacking the validity of a state court judgment cannot be brought here, the named defendants are mentioned only in their official capacity and there is no valid claim against their employers on the facts presented, and the defendants would likely be entitled to immunity for some or all of their actions.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. Plaintiff's Motion to Dismiss (Dkt. 3) the State of Minnesota, the City of Minneapolis, and Hennepin County be **GRANTED**, and that these defendants be **DISMISSED WITHOUT PREJUDICE**.

2. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

3. The application to proceed *in forma pauperis* of Plaintiff Petro Siruk (Dkt. 2) be **DENIED AS MOOT**.

Dated: February 5, 2021                s/Elizabeth Cowan Wright
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).