UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Petro Siruk,<br><br>        Plaintiff,<br><br>v.<br><br>State of Minnesota, City of Minneapolis, Hennepin County, Francis Magill, Emily Branzovsky, Sheriff, and Richard W. Stanek,<br><br>        Defendants. | Case No. 20-cv-2667 (SRN/ECW)<br><br>**MEMORANDUM OPINION AND ORDER** |

Petro Siruk, 12410 Rolling Ridge Road, Becker, MN 55308, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on Plaintiff Petro Siruk's Objections [Doc. No. 6] to Magistrate Judge Elizabeth Cowan Wright's February 5, 2021 Report and Recommendation ("R&R") [Doc. No. 5]. The Magistrate Judge recommends that Siruk's motion to "remove" the State of Minnesota, the City of Minneapolis, and Hennepin County [Doc. No. 3] be granted, this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and his Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2] be denied as moot. For the reasons set forth below, the Court overrules Siruk's Objections, adopts the R&R in its entirety, grants Siruk's motion to "remove," dismisses this action for failure to state a claim, and denies as moot Siruk's IFP Application.

1

I. **BACKGROUND**

On December 28, 2020, Siruk commenced this civil action by filing a Complaint [Doc. No. 1] and an IFP Application [Doc. No. 2]. On January 25, 2021, Siruk filed a "Motion to Remove State of Minnesota, City of Minneapolis, and Hennepin County From the Case" [Doc. No. 3], and accompanying Exhibits ("Pl.'s Exs.") [Doc. No. 4], which the Court construes as a motion to dismiss ("Mot. to Dismiss"). Siruk's one-page Complaint simply alleges that, in February 2018, persons acting under color of law caused harm to his property, life, character, and health. Siruk's motion to dismiss and accompanying exhibits, however, paint a more detailed factual picture, and this Court, like the Magistrate Judge, construes these filings as amendments to the Complaint, to give Siruk's case the fullest consideration. (*See* R&R at 3 n.2.)

It seems that in February 2018, Siruk served some amount of time in the Hennepin County jail for contempt of court because he did not comply with court orders in a civil case involving the repossession of a dump truck that Siruk had leased. (*See* Pl.'s Exs. [Doc. No. 4-2] at 23-27, [Doc. No. 4-3] at 20-23.) In this action, he appears to dispute the outcome of that civil case in Hennepin County District Court, the outcome of the related contempt proceedings, and the conduct of Judge Francis Magill ("Judge Magill"), court reporter Emily Branzovsky ("Branzovsky"), a John Doe sheriff, and Hennepin County Sheriff Richard Stanek ("Stanek") in connection with those proceedings. (*See* Mot. to Dismiss ¶¶ 4-12.)

In her R&R, Magistrate Judge Wright recommends that, although Siruk qualifies financially for IFP status based on his IFP Application, his action be dismissed for failure

2

to state a claim upon which relief may be granted. (*See* R&R at 2, 9.) First, she notes that Siruk cannot seek review of the state court's judgment because the *Rooker-Feldman* doctrine bars such review. (*Id.* at 4.) Next, to the extent any of the contempt proceedings were criminal, the Magistrate Judge concludes that he cannot seek monetary recourse under 42 U.S.C. § 1983 because he must first establish that those matters have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," and he has not done so. (*Id.* at 4-5 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).)

Further, to the extent Siruk challenges the conduct of Judge Magill, Branzovsky, the John Doe sheriff, and Stanek in those proceedings, the Magistrate Judge notes that those claims fail as well. (*Id.* at 5-9.) First, she construes these claims as having been brought under 42 U.S.C. § 1983. (*Id.* at 5.) She then reasons that, based on the allegations, these individual defendants are sued only in their official capacities. (*Id.* at 5-6.) Thereafter, she explains that the law does not permit Siruk to bring claims against Judge Magill, Branzovsky, the John Doe sheriff, and Stanek in their official capacities. (*Id.* at 6-7.) Finally, she notes that all four individual defendants are immune from suit in any event. (*Id.* at 8-9.)

On February 12, 2021, Siruk filed his Objections to the R&R. First, he asserts that Judge Magill, Branzovsky, the John Doe sheriff, and Stanek are not immune from suit, although he provides no legal support for that assertion. (Objs. ¶ 1.) He then asserts that he has alleged sufficient facts to raise a right to relief above the speculative level. (*Id.* ¶ 2.)

3

Next, he complains that a sheriff held him in jail for contempt, and he argues that the conditions of his jail cell harmed him in violation of the International Covenant on Civil and Political Rights ("ICCPR"). (*Id.* ¶ 3.) He further argues that Judge Magill violated his Seventh Amendment right to a trial by jury, deprived him of a fair hearing under the Fifth Amendment, and conducted the civil and related contempt proceedings without jurisdiction. (*Id.* ¶¶ 4, 6.) Finally, he complains that Branzovsky created only partial transcripts of the civil and contempt proceedings. (*Id.* ¶¶ 5-6.)

## II. DISCUSSION

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's objections should specify the part of the R&R to which objections are made and provide a basis for those objections. *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 U.S. Dist. LEXIS 75857, at *4 (D. Minn. Sept. 28, 2008). Then, the district court will review de novo those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72.2(b)(3).

Objections that are not specific but merely summarize or repeat arguments already presented to and considered by the magistrate judge are not entitled to de novo review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 U.S. Dist. LEXIS 30490, at *6 (D. Minn. Mar. 2, 2017) (citation omitted). Instead, a district court reviews for clear error any aspect of a R&R to which no specific objection is made. *Grinder*

*v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (citation omitted). Thus, a party cannot, in his objections to a R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).

### B. Analysis

Where a litigant has filed an application to proceed without paying fees or costs, the district court may dismiss the complaint if it determines that the action fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Because the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court applies Rule 12(b)(6) standards when evaluating whether to dismiss under § 1915(e)(2)(B)(ii). *See Jackson v. Dep't of Human Servs. Background Studies*, No. 15-CV-504 (SRN/JJK), 2015 U.S. Dist. LEXIS 101690, at *7 (D. Minn. Aug. 4, 2015) (citations omitted). A complaint fails to state a claim when it lacks factual allegations that allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts the facts alleged in the complaint as true and views those allegations in the light most favorable to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* To avoid dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. Finally, when a plaintiff proceeds pro se, the Court construes the complaint liberally, but the complaint must allege sufficient facts to support a claim. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### 1. Immunity from Suit

The Court first addresses Siruk's contention that the individual defendants are not immune from suit. (Objs. ¶ 1.) Although Siruk disputes the R&R's conclusion on this point, he does not make any specific objection, nor does he provide any reason for this Court to depart from the R&R's reasoned analysis of the relevant immunity doctrines at issue. As discussed in the R&R, the Eleventh Amendment bars claims seeking damages from State officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Suits against county officials in their official capacities can be pursued only if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Siruk makes no suggestion that there was such a policy or pattern of activity aside from the individual acts of the defendants.

Further, Judge Magill enjoys absolute judicial immunity since his challenged acts occurred while he was performing the duties of a judge. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1090-91 (8th Cir. 2018). Finally, Branzovsky is protected by qualified

immunity here because her challenged activity falls within the scope of her official duties. *See Smith v. Tandy*, 897 F.2d 355, 356 (8th Cir. 1990).

### 2. Failure to State a Claim

Next, Siruk generally contends that he has alleged sufficient facts to avoid dismissal because the defendants' "actions or inactions caused harm to" him and he is "entitled to [] monetary relief." (Objs. ¶ 2.) As Magistrate Judge Wright carefully explained, Siruk's Complaint, Motion to Dismiss, and Exhibits, even liberally construed, lack any factual allegations that plausibly state a claim for relief. To the extent he disputes the outcome of the civil proceedings in state court, the *Rooker-Feldman* doctrine plainly forecloses that claim. And if any of the contempt proceedings were criminal, Siruk has not shown that he can assert a claim under *Heck*, 512 U.S. at 486-87.

### 3. Alleged Violation of the ICCPR

Next, Siruk contends that the sheriff's decision to detain him and the conditions of the jail cell in which he was held violate the ICCPR. Because it does not appear that Siruk made this argument to the Magistrate Judge, this Court need not review it. *See Baker v. CitiMortgage, Inc.*, No. 17-cv-02271 (SRN/KMM), 2018 U.S. Dist. LEXIS 66113, at *16 n.5 (D. Minn. Apr. 18, 2018) ("New claims or arguments, presented for the first time in the objections to a report and recommendation, will not be reviewed."). Nonetheless, even upon review, the ICCPR "does not bind federal courts because the treaty is not self-executing and Congress has yet to enact implementing legislation." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002) (citation omitted).

7

Consequently, to the extent he asserts claims under the ICCPR, those claims are simply not cognizable.

### 4. Judge Magill

Further, Siruk argues that Judge Magill violated his right to a fair hearing under the Fifth Amendment and his right to a trial by jury in violation of the Seventh Amendment. (Objs. ¶ 4.) The Court need not review these new arguments because they were not raised with the Magistrate Judge. *See Baker*, 2018 U.S. Dist. LEXIS 66113, at *16 n.5. Nevertheless, even upon review, Siruk's claims against Judge Magill are properly dismissed because they are precluded under the Eleventh Amendment and by virtue of absolute judicial immunity, as explained above.

Siruk's assertion that Judge Magill acted without jurisdiction is also without merit. There is no indication on this record that Judge Magill's alleged conduct involved nonjudicial acts. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) ("An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." (citation omitted)).

### 5. Court Reporter Branzovsky

Finally, as to Branzovsky, Siruk largely repeats the allegations he made to the Magistrate Judge, contending that she created only partial transcripts of certain state court proceedings. (Objs. ¶¶ 5-6.) The Court agrees with the Magistrate Judge's analysis that qualified immunity precludes his claim.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objections [Doc. No. 6] to the Report and Recommendation are **OVERRULED**;

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 5] in its entirety;

3. Plaintiff's Motion to Remove [Doc. No. 3] the State of Minnesota, the City of Minneapolis, and Hennepin County is **GRANTED**, and these defendants are **DISMISSED WITHOUT PREJUDICE**;

4. This matter is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and

5. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 27, 2021                                                 s/Susan Richard Nelson
                                                                                SUSAN RICHARD NELSON
                                                                                United States District Judge